# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 30, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| STEPHANIE ROSCOE, as | * | |
| Representative of the Estate of | * | |
| B.R., deceased, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 11-206V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Kyle Pozza, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 4, 2011, Stephanie Roscoe ("petitioner"), as representative of the estate of B.R., deceased, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving hepatitis A ("Hep A"), tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal ("Menactra"), and human papillomavirus ("HPV") vaccines on March 31, 2009, B.R. suffered fever, leg and bodily pain, emotional and mental confusion and anguish, and death. Petition at 1 (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 30, 2021, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's Application for Interim Attorney's Fees and Costs ("Pet. Mot."), filed June 30, 2021 (ECF No. 209). Petitioner's request can be summarized as follows:

**Richard Gage, P.C.:**
**Fees** – $86,995.00
**Costs** – $33,299.29

**Petitioner:**
**Costs** – $417.83

**Johnny Litman:**
**Fees** – $35,303.00
**Costs** – $900.00

Petitioner thus requests a total of $156,915.12. Respondent did not file a response by the court-imposed deadline. This matter is now ripe for adjudication.

For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$155,267.42** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

   A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by

2

'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

    **1.**  **Richard Gage, P.C.**

Here, petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Richard Gage – Attorney**
  2018: $326.00
  2019: $338.00
  2020: $350.00
  2021: $362.00

**Kristen Blume – Attorney**
  2019: $338.00
  2020: $350.00
  2021: $355.00

**Paralegals**
  2018-2020: $120.00
  2021: $130.00

3

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  See, e.g., Goldman v. Sec'y of Health & Hum. Servs., No. 16-1523V, 2021 WL 3056263, at *2 (Fed. Cl. Spec. Mstr. June 21, 2021) (awarding the same rates for Mr. Gage from 2018-2021, Ms. Blume in 2020, and the paralegals for 2018-2021); Martin v. Sec'y of Health & Hum. Servs., No. 15-789V, 2020 WL 8674683, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 8, 2020) (awarding the same rates for Mr. Gage from 2018-2020, Ms. Blume from 2019-2020, and the paralegals for 2018-2020).  The undersigned will therefore award the rates requested.

The undersigned has reviewed the submitted billing entries and finds a reduction in the hours billed necessary.  Upon review, Mr. Gage engaged in double billing on two instances.[3] This results in a reduction of $385.00.

Additionally, Brian Vance, a paralegal, billed for filing a motion.[4]  Billing for some administrative tasks such as filing, even at a paralegal rate, is not permitted.  See Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").  As such, this entry is noncompensable and results in a further reduction of $60.00.

The undersigned finds the hours billed for paralegal Susan McNair's work do not accurately reflect the amount requested.  Specifically, an entry on January 2, 2019 billed 0.4 hours at a rate of $120 equals $48.00; however, Ms. McNair requested $132.00 for this entry. This results in a reduction of $84.00.

Lastly, various entries are duplicative and excessive due to multiple attorneys and paralegals billing for attending the same conferences or meetings or completing the same task on the same day.[5]  In total, these entries equaled 8.4 hours, or $2,237.40.  The undersigned will reduce this by 50%, resulting in a further reduction of $1,118.70.

---

[3] Mr. Gage billed 0.9 hours twice on July 9, 2020 for "Legal research on pain and suffering damages" and 0.2 hours twice on July 21, 2020 for "Reviewed Order. Contact Civil Firm."

[4] On June 25, 2018, Mr. Vance billed for multiple tasks including filing.  This entry constitutes block billing and contains the noncompensable administrative task of filing.  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.").

[5] For example, see entries dated August 14, 2018, December 31, 2018, April 19, 2019, October 8, 2019, and February 25, 2020.  These entries do not constitute an exhaustive list.

In total, the undersigned finds it necessary to reduce the requested attorneys' fees by $1,647.70.[6]

### 2. Johnny Litman

Here, petitioner requests the following hourly rates for her former attorney who worked on this matter:

**Johnny Litman – Attorney**
    2009: $300.00
    2011-2018: $300.00
    2021: $300.00

**KM – Paralegal**
    2018: $95.00

The undersigned finds that the requested rates are reasonable and in accordance with what similar attorneys and paralegals have previously been awarded for their Vaccine Program work. The undersigned will therefore award the rates requested.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed. Thus, the undersigned will award them in full.

## B. Attorneys' Costs

### 1. Expert Fees: Richard Gage, P.C.

Petitioner requests $22,131.60 for work performed by Dr. Douglas Miller, including time spent preparing an expert report, traveling to and from the entitlement hearing, and attending the entitlement hearing, including a $1,000.00 retainer fee already paid to Dr. Miller. Pet. Mot., Tab G.

The undersigned has previously found it reasonable to compensate Dr. Miller at a rate of $500.00. See, e.g., Porter v. Sec'y of Health & Hum. Servs., No. 18-132V, 2020 WL 6705553, at *3 (Fed. Cl. Spec. Mstr. Oct. 22, 2020); Anklam v. Sec'y of Health & Hum. Servs., No. 17-2061V, 2020 WL 4049310, at *4 (Fed. Cl. Spec. Mstr. June 25, 2020); Mulroy v. Sec'y of Health & Hum. Servs., No. 15-1324V, 2017 WL 4585570, at *5 (Fed. Cl. Spec. Mstr. Sept. 19, 2017). The undersigned finds Dr. Miller's rate and time spent working on this case reasonable and compensates him in full.

---

[6] $385.00 + $60.00 + $84.00 + $1,118.70 = $1,647.70.

### 2. Miscellaneous Costs: Richard Gage, P.C.

Petitioner requests $11,167.69 to cover their attorney's other miscellaneous expenses, including copies, Fed Ex costs, Pacer expenses, costs associated with the entitlement hearing, and other expenses. Pet. Mot., Tab G. The undersigned finds these costs reasonable and well-documented,[7] and she will award them in full.

### 3. Miscellaneous Costs: Johnny Litman

Petitioner requests $900.00 to cover their former attorney's miscellaneous expenses, including a retainer fee, Fed Ex costs, and expenses for Dr. Posey. Pet. Mot., Tab I. The undersigned finds these costs reasonable and will award them in full.

### C. Petitioner's Costs

Petitioner request $417.83 to cover their expenses for travel to and from the entitlement hearing and a two-night stay for the entitlement hearing. Pet. Mot., Tab H. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

**Richard Gage, P.C.:**
| | |
|---|---|
| Requested Attorneys' Fees: | $ 86,995.00 |
| Reduction of Attorneys' Fees: | - ($ 1,647.70) |
| Awarded Attorneys' Fees: | $ 85,347.30 |
| Requested Attorneys' Costs: | $ 33,299.29 |
| Awarded Attorneys' Costs: | $ 33,299.29 |

**Petitioner:**
| | |
|---|---|
| Requested Costs: | $ 417.83 |
| Awarded Costs: | $ 417.83 |

**Johnny Litman:**
| | |
|---|---|
| Requested Attorneys' Fees: | $ 35,303.00 |
| Awarded Attorneys' Fees: | $ 35,303.00 |

---

[7] Petitioner did not provide full receipts for some meals associated with the entitlement hearing in Atlanta, Georgia. Additionally, petitioner requests $124.55 for dinner on January 7, 2020. It is not clear whether this meal was for only petitioner's counsel, which would make it excessive, or whether petitioner, petitioner's friend, and petitioner's expert were also at this dinner. The undersigned will award these costs in full but cautions counsel against not providing full and detailed invoices in the future.

| | |
|---|---|
| Requested Attorneys' Costs: | $ 900.00 |
| Awarded Attorneys' Costs: | $ 900.00 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 155,267.42** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $118,646.59, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Richard Gage.**

**(2) A lump sum in the amount of $417.83, representing reimbursement for reasonable costs, in the form of a check payable to petitioner.**

**(3) A lump sum in the amount of $36,203.00, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former attorney, Mr. Johnny Litman.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.