# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 8, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| STEPHANIE ROSCOE, as | * | |
| Representative of the Estate of | * | UNPUBLISHED |
| B.R., deceased, | * | |
| | * | |
| Petitioner, | * | No. 11-206V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Redaction. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On May 23, 2022, petitioner filed a motion to redact the undersigned's May 9, 2022 Ruling on Set-Off. Petitioner's Motion to Redact ("Pet. Mot."), filed May 23, 2022 (ECF No. 236). For the foregoing reasons, petitioner's motion is **GRANTED**.

### I.  RELEVANT PROCEDURAL HISTORY

On April 4, 2011, Stephanie Roscoe ("petitioner"), as representative of the estate of B.R., deceased, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

1

alleged that as a result of receiving hepatitis A, tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal conjugate ("Menactra"), and human papillomavirus ("HPV") vaccines administered to B.R. on March 31, 2009, B.R. suffered fever, leg and bodily pain, emotional and mental confusion and anguish, and death.  Petition at 1 (ECF No. 1).  An entitlement hearing was held on January 8, 2020, after which petitioner was found entitled to compensation on June 8, 2020.  Ruling on Entitlement dated June 8, 2020 (ECF No. 183).

On May 9, 2022, the undersigned issued a Ruling on Set-Off.  Ruling on Set-Off dated May 9, 2022 (ECF No. 234).

On May 23, 2022, petitioner filed a motion to redact certain information for the undersigned's May 9, 2022 Ruling on Set-Off.  Pet. Mot. at 1.  Petitioner noted the Ruling cites to a confidential settlement agreement from a separate litigation in Georgia.  Id.  "The settlement agreement was released in un-redacted form to this court on the condition that the amount involved remain confidential and the insurance companies involved remain unidentified."  Id.  Petitioner indicated respondent agreed to these terms via email on November 4, 2021.  Id.  Petitioner requested the identity of the defendants in the civil case, the identity of the insurance companies, and the amount of settlement monies from the settlement agreement be redacted for the Ruling on Set-Off, and provided proposed redactions to the Ruling.  Id.

Respondent did not file a response or otherwise object to petitioner's motion.

This matter is now ripe for adjudication.

## II.     DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act.  See § 12(d)(4)(B).  That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  Id.  What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act."  W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause.  Id. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale."  Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction.  See R.V. v. Sec'y of Health & Hum. Servs.,

---

42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant the redactions requested by petitioner, including redaction of the name of the state and county where the civil action was filed, the identity of the defendants in the civil case, the identity of the insurance companies, and the amount of settlement monies from the settlement agreement. However, the undersigned modified petitioner's proposed redactions for internal consistency. For example, petitioner redacted "State Court" in her proposed redactions. Pet. Proposed Redactions, filed May 23, 2022 at 2, 2 n.3 (ECF No. 236-1). Because "State Court" does not identify confidential information, the undersigned will not redact those words. However, petitioner did not consistently redact the state in which the civil action was filed. The undersigned will redact all instances of the state in which the action was filed. Lastly, "Emergency Department" and "Emergency Room" will not be redacted because they do not identify confidential information.

Petitioner made an adequate showing for redaction. **Accordingly, petitioner's motion for redaction is GRANTED.**

Thus, the public version of the Ruling on Set-Off shall be redacted pursuant to the petitioner's proposed redactions and according to the Court's guidelines on redaction.[3] Attached to this Order is Court's Exhibit A, which is a copy of the proposed redacted Ruling on Set-off. Any objections to the attached proposed redactions shall be made by additional motion within 14 days. If no objections are noted within 14 days, the Ruling will be filed publicly.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] The Court's recommended placeholders for redacted information are $[. . .] or [. . .]. Thus, the undersigned uses these placeholders instead of the black box placeholders used by petitioner in her proposed redactions.