# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: January 4, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| STEPHANIE ROSCOE, as Representative of the Estate of B.R., deceased, | UNPUBLISHED |
| Petitioner, | No. 11-206V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Motion for Redaction. |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR REDACTION**[1]

On December 14, 2022, Petitioner filed a motion to redact the undersigned's November 14, 2022 Decision on Damages. Petitioner's Motion to Redact ("Pet. Mot."), filed Dec. 14, 2022 (ECF No. 259). For the following reasons, Petitioner's motion is **GRANTED**.

**I.    RELEVANT PROCEDURAL HISTORY**

On April 4, 2011, Stephanie Roscoe ("Petitioner"), as representative of the estate of B.R., deceased, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

alleged that as a result of receiving hepatitis A, tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal conjugate ("Menactra"), and human papillomavirus ("HPV") vaccines administered to B.R. on March 31, 2009, B.R. suffered fever, leg and bodily pain, emotional and mental confusion and anguish, and death. Petition at 1 (ECF No. 1). An entitlement hearing was held on January 8, 2020, after which Petitioner was found entitled to compensation on June 8, 2020. Ruling on Entitlement dated June 8, 2020 (ECF No. 183).

On November 14, 2022, the undersigned issued a Decision on Damages. Decision on Damages dated Nov. 14, 2022 (ECF No. 256).

On December 14, 2022, Petitioner filed a motion to redact certain information from the undersigned's November 14, 2022 Decision on Damages. Pet. Mot. at 1. Petitioner noted the Decision cites to a confidential settlement agreement from separate litigation in Georgia. Id. "The settlement agreement was released in un-redacted form to this court on the condition that the amount involved remain confidential and the defendants involved remain unidentified." Id. Petitioner requested the redaction of B.R.'s father's name, the identity of the defendants in the civil case, the identity of the liability insurers in the settlement agreement, and the amount of settlement monies from the settlement agreement from the Decision, and provided proposed redactions. Id. at 1, 3-16.

Respondent did not file a response or otherwise object to Petitioner's motion.

This matter is now ripe for adjudication.

**II.    DISCUSSION**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing a petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs.,

---

42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant the redactions requested by Petitioner, including redaction of the B.R.'s father's name, the identity of the defendants in the civil case, the identity of the liability insurers in the settlement agreement, and the amount of settlement monies from the settlement agreement.

Petitioner made an adequate showing for redaction. **Accordingly, Petitioner's motion for redaction is GRANTED.**[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] The Court's recommended placeholders for redacted information are $[. . .] or [. . .]. Thus, the undersigned will use these placeholders.