# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 28, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| STEPHANIE ROSCOE, as Representative of the Estate of B.R., deceased, | * * * * | |
| Petitioner, | * * | UNPUBLISHED |
| v. | * * | No. 11-206V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Special Master Dorsey |
| Respondent. | * * * | Attorneys' Fees and Costs. |
| * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 4, 2011, Stephanie Roscoe ("Petitioner"), as representative of the estate of B.R., deceased, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving hepatitis A ("Hep A"), tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal ("Menactra"), and human papillomavirus ("HPV") vaccines on March 31, 2009, B.R. suffered fever, leg and bodily pain, emotional and mental confusion and anguish, and death. Petition at 1

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

(ECF No. 1).  On June 8, 2020, the undersigned issued a Ruling on Entitlement.  Ruling on Entitlement dated June 8, 2020 (ECF No. 183).  The undersigned issued a Decision on Damages on November 14, 2022.  Decision on Damages dated Nov. 14, 2022 (ECF No. 255).  Thereafter, Respondent filed a motion for review, which was denied on February 3, 2023.  Order and Opinion dated Feb. 3, 2023 (ECF No. 264).

On August 18, 2023, Petitioner filed an application for attorneys' fees and costs.  Petitioner's Application for Award of Final Attorneys' Fees and Costs ("Pet. Mot."), filed Aug. 18, 2023 (ECF No. 272).  Petitioner requests compensation in the amount of $27,385.60, representing $24,230.40 in attorneys' fees and $3,155.20 in costs.  Id. at 1, 7.  Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation.  Id. at 39.  Respondent filed his response on August 18, 2023, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot., filed Aug. 18, 2023, at 2 (ECF No. 273).  Petitioner did not file a reply thereafter.  The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage, $362.00 per hour for work performed in 2021, $393.00 per hour for work performed in 2022, and $422.00 per hour for work performed in 2023; and for Ms. Kristen Blume, $385.00 per hour for work performed in 2022 and $422.00 per hour for work performed in 2023.  Petitioner also requests the following rates for work of her counsel's paralegals: $130.00 per hour for work performed in 2021, $141.00 per hour for work performed in 2022, and $152.00 per hour for work performed in 2023.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $27,385.60, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Richard Gage.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

      **IT IS SO ORDERED.**

                                                 **/s/ Nora Beth Dorsey**
                                                 Nora Beth Dorsey
                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.